**VALDIERINE POTTER, Plaintiff**

v.

**THELMA PHILLIPA a/k/a THELMA DAVID a/k/a THELMA MULRAIN, Defendant**

Civil No. 869-1970

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

May 12, 1971

JOHN W. NEWMAN, Attorney, St. Thomas, V.I., *for the plaintiff*

EDITH L. BORNN, Attorney, St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

## JUDGMENT

The above entitled matter came on for trial on February 24, 1971. The plaintiff appeared in person and was represented by John W. Newman, Esq. The defendant also appeared in person and was represented by Edith L. Bornn, Esq.

Subsequent to the hearing of this matter, both attorneys filed memoranda. In addition, with the consent of counsel for the respective parties, the Court allowed in evidence an appraisal done by one Eric Perkins and filed with the Court on April 5, 1971.

After a careful consideration of the record before it, and being fully advised in the premises the Court now makes the following:

### FINDINGS OF FACTS

1. Prior to the events in dispute in the present litigation, the plaintiff, Valdierine Potter, was a tenant of the defendant, Thelma Mulrain, since 1964 at the premises known as Silke Gade No. 1. This tenancy was pursuant to an oral month to month lease at $15.00 per month.

2. Late in April or early in May 1969 the plaintiff informed the defendant that she would be temporarily leaving St. Thomas in order to go to the States. At this time the plaintiff informed the defendant that she would see to it that the rent was paid by her friends during her absence.

3. The plaintiff did in fact go to the States on May 6, 1969 leaving her friend Audrey Hughes in charge of the premises at Silke Gade No. 1. At this time the plaintiff's rent was fully paid until May 22, 1969.

4. Subsequently, rent money was offered to the defendant on behalf of the plaintiff but this money was refused. One Hugh Dore who was a credible witness for the plaintiff testified, and the Court so finds, that in July of 1969 he tendered to Thelma Mulrain rent money specifically on

behalf of the plaintiff, and at the same time offered to pay on the plaintiff's behalf all monies owing to the defendant. Both the tender and accompanying offer were refused by the defendant who apparently no longer wanted the plaintiff as a tenant.

5. The defendant failed to give any type of written notice to the plaintiff to vacate the premises even though she did have an address for the plaintiff in the States; nor was any written notice to vacate ever left at the premises in question by the defendant.

6. Instead, in December 1969 without any notice to the plaintiff whatsoever, and without Court authorization to do so, the defendant entered the premises of Silke Gade No. 1, removed all of the contents of said plaintiff's apartment and placed them in storage in a secured storeroom. The defendant then intended to keep the plaintiff's belongings so stored until such time as the plaintiff would agree to pay the defendant a sum which the latter thought she would be entitled to for such storage.

7. Subsequently, the defendant proceeded to have repairs done at Silke Gade No. 1, after which she locked up the premises until June of 1970 when she rented the same to a Mr. Valdez for $25.00 per month.

8. At the time the defendant removed the plaintiff's personal property from Silke Gade No. 1, the actual rental value of the premises was $25.00.

9. In August of 1970 the plaintiff was in St. Thomas and made a demand upon the defendant for the return of the personal property the defendant had previously stored. The defendant, however, refused to allow the plaintiff to repossess her property until she first paid a storage charge to the defendant which the defendant then claimed was owing. This the plaintiff refused to do, and the defendant up until the present still retains the plaintiff's belongings.

10. At the time the defendant removed the plaintiff's personal property from the premises at Silke Gade No. 1 (December 1969), without the plaintiff's permission, the total value of all the plaintiff's personal property was not $2,430.85 as claimed by plaintiff, but was instead worth approximately $500.00.

11. The plaintiff's personal property is presently worth approximately $300.00 as estimated on March 30, 1971 by the parties appraiser, Eric Perkins.

## CONCLUSIONS OF LAW

1. The plaintiff did not abandon the premises known as Silke Gade No. 1.

2. The defendant in entering the premises of Silke Gade No. 1, and removing the plaintiff's personal belongings therefrom without first giving the plaintiff 30 days written notice to vacate as required by statute and also in otherwise failing to bring herself within 28 V.I.C. § 840 (relating to certain grounds which a landlord must prove before being entitled to recover possession), thereby became liable to the plaintiff for unlawful eviction.

3. By the same act of wrongfully removing from the plaintiff's rented premises the personal property of the plaintiff, the defendant exercised such a serious interference with the plaintiff's right to control her own property as to become liable to the plaintiff in conversion.[1]

4. Plaintiff is entitled to recover for her unlawful eviction from the date thereof in early December 1969 until August 11, 1970 (the date of the plaintiff's complaint) an amount equivalent to the actual or rental value of the premises during this time ($25.00 per month) less the amount

---

[1] See Restatement of Torts 2d §§ 222 COMMENT (a), 222A et seq. See also QUONG v. McEVOY 224 P. 226 (1924) wherein that Court stated at p. 267: "It is a general rule that a landlord who wrongfully intrudes upon his tenant and takes possession of the tenant's personal property is liable for conversion thereof . . . ."

of rent reserved for this period ($15.00 per month) or $90.00.[2]

5. Plaintiff is not entitled to recover punitive damages for her wrongful eviction since the defendant's actions were the product of a mistake with respect to her legal rights rather than malicious in character.

6. Plaintiff is entitled to recover the sum of $500.00, the value of her property at the time of conversion in December 1969.

7. The plaintiff, at her option, is entitled upon written notice to the defendant to regain possession of the premises at Silke Gade No. 1 as a tenant of the defendant under her former oral month to month lease at $15.00 per month, provided notice to this effect by registered mail return receipt requested is given to the defendant on or before May 26, 1971. If plaintiff exercises said option, the defendant shall promptly initiate legal proceedings against the present tenant to secure and permit plaintiff's occupancy of the apartment not later than June 30, 1971, otherwise defendant to be liable to plaintiff in amounts provided in 29 V.I.C. § 842 until the apartment is made available to plaintiff.

8. The defendant is entitled to recover on her counterclaim for rent for the period prior to the eviction the sum of $90.00 ($15.00 per month from May 22, 1969–November 22, 1969). The defendant is not entitled to any storage charge since this was the result of the unlawful eviction and conversion of the plaintiff's property.

The Clerk shall accordingly enter Judgment for plaintiff in the sum of $590.00 less credit to defendant of $90.00 or a net Judgment to plaintiff in the amount of $500.00 plus costs of $4.00 and attorneys fee in the sum of $200.00.

Execution is stayed fifteen (15) days.

---

[2] 52 C.J.S. LANDLORD & TENANT § 461(4).